UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RODOLFO PADILLA, individually,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
a foreign limited liability company, and
PHILLIPS & COHEN ASSOCIATES, LTD., CORP.,
a foreign corporation,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The two counts before this Court are plead in the alternative as the facts in this case will clearly demonstrate that at least one of the above-named defendants has violated the FDCPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## **PARTIES**

3. Plaintiff, RODOLFO PADILLA, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("PORTFOLIO") is believed to be a foreign limited liability company with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

5. Defendant, PHILLIPS & COHEN ASSOCIATES, LTD., CORP. ("PCL"), is believed to be a foreign profit corporation with its principal place of business located at 695 Rancocas Road, Westampton, New Jersey, 08060.

6. Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendants regularly collects or attempts to collect consumer debts for their own benefit and/or for other parties. They are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. PORTFOLIO is vicariously liable for the actions of PCL. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

## **FACTUAL ALLEGATIONS**

10. Defendant sought to collect an alleged debt from Plaintiff arising from his use of a credit card to purchase food, clothes, and other household goods.

11. On or about September 30, 2009, Defendant PCL sent Plaintiff a written request for payment of an alleged debt on behalf of PORTFOLIO.

12. A true copy of the written request is attached hereto Exhibit "A".

13. On or about November 17, 2009, Plaintiff notified Defendant in writing, via certified U.S. Mail, that Plaintiff disputed the alleged debt and refused to make payment on same

14. A true copy of Plaintiff's letter is attached hereto as Exhibit "A".

15. On February 24, 2010, Defendant PORTFOLIO communicated in writing by sending a letter requesting payment on the same alleged debt.

16. A true copy of the second letter is attached hereto as Exhibit "B".

17. 15 U.S.C. § 1692c(c) requires Defendant PORTFOLIO to cease communications with the Plaintiff upon receipt of written notification that Plaintiff refuses to pay the alleged debt. *See generally, Stinson v. Asset Acceptance*, *LLC*, 2006 WL 1647134 (E.D. Va. 2006).

18. The only other plausible explanation is that Defendant PCL failed to communicate the disputed nature of the alleged debt when reporting back to its

client, PORTFOLIO, in violation of 15 U.S.C. § 1692e(8).  *See generally, Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

**COUNT I**
**FAILURE TO CEASE COMMUNICATIONS**
**IN VIOLATION OF 15 U.S.C. § 1692c(c)**
**(Defendant PORTFOLIO only)**

19.     Plaintiff incorporates Paragraphs 1 through 18.

20.     After receiving Plaintiff's written notice of refusal to pay, Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant PORTFOLIO for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of the instant suit; and

   c.   Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO COMMUNICATE DISPUTED STATUS OF DEBT**
**(Both Defendants)**

21.     Plaintiff incorporates Paragraphs 1 through 18.

22. When PCL communicated with PORTFOLIO, it either failed to communicate the disputed nature of Plaintiff's debt or failed to communicate any message at all in violation of 15 U.S.C. §1692e(8).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants PORTFOLIO and PCL for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 9th day of February, 2011.

    SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By: _s/Scott D. Owens_____
Scott D. Owens, Esq.
Florida Bar No. 0597651